# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:09cv226
# [CRIMINAL CASE NO. 1:06CR255]

| | |
|---|---|
| JONATHAN ANTHONY LEE TORRES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1], filed June 9, 2009. For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed.

## I. PROCEDURAL HISTORY

On October 3, 2006, a federal grand jury returned a one-count Bill of Indictment charging Petitioner with being a convicted felon in possession of ammunition in violation of 18 U.S.C. § 922(g). [1:06cr255**:** Doc. 1]. On January 9, 2007, after trial by jury, Petitioner was convicted as charged. [1:06cr255**:** Doc. 22]. On September 24, 2007, this Court sentenced

Petitioner to a total of 100 months of imprisonment. [1:06cr255: Docs. 41, 49]. Meanwhile on February 1, 2007, Petitioner filed a Notice of Appeal. [1:06cr255: Doc. 29].

On appeal, Petitioner argued that the prosecutor had committed prosecutorial misconduct by 1) improperly and prejudicially commenting on the credibility of the sole exculpatory witness, Gail Barnette, and implying extrajudicial information proved her testimony was false, and 2) intimidating Barnette prior to trial, thereby effectively denying Petitioner his right to a fair trial. Petitioner also alleged on appeal that this Court erred by excluding as irrelevant the testimony of his parents. Finally, Petitioner alleged that this Court failed to provide adequate notice of its intent to depart from the guidelines and erroneously based its decision to depart upwardly on evidence of prior arrests that did not result in a conviction. On June 16, 2008, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction. United States v. Torres, 281 F. App'x 245 (4th Cir. 2008). On September 12, 2008, Petitioner filed a Petition for Writ of Certiorari with the Supreme Court, which was denied on October 14, 2008.

On June 9, 2009, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence arguing that his trial counsel was ineffective

for: 1) failing to object to the prosecutor's questioning of Gail Barnette regarding the prosecutor's own interactions with Barnette prior to trial in order to discredit and undermine her credibility, arguing that such conduct violated his confrontation clause rights; 2) failing to object to the illegal search of Petitioner's car; and 3) failing to object to the sentencing judge's upward departure based upon erroneous findings of fact and conclusions of law in violation of Petitioner's due process rights. Petitioner also asserts that he received ineffective assistance of appellate counsel because his appellate counsel failed to raise the above issues on direct appeal. Finally, Petitioner alleges stand-alone claims that the prosecutor violated his Confrontation Clause rights and that this Court abused its discretion when it upwardly departed from the recommended sentencing range. [Doc. 1].

## II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits, and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the

3

motion. Id. Following such directive, the Court having reviewed the record of the criminal proceedings, enters summary dismissal for the reasons stated herein.

## III.    ANALYSIS

**A.    INEFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner's ineffective assistance of counsel claims are governed by the holding in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. Id. at 687, 104 S.Ct. 2052. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689, 104 S.Ct. 2052. Petitioner bears the burden of proving prejudice under Strickland. Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id.

### 1. Failure to Challenge Prosecutor's Statements and Questions

Petitioner alleges that his counsel was ineffective because he failed to object when the prosecutor's questions in cross-examining Gail Barnette and the prosecutor's closing argument regarding that cross examination violated Petitioner's Confrontation Clause rights. Specifically, Petitioner alleges that the prosecutor, through his cross-examination of Barnette and through closing argument, was able to interject into evidence his own version of his prior discussions with Barnette. Petitioner asserts that such "testimony" was not subjected to cross-examination and therefore violated his Confrontation Clause rights. Petitioner asserts his counsel was ineffective for failing to challenge the prosecutor's comments.

On appeal, Petitioner argued that the prosecutor committed misconduct by improperly and prejudicially commenting on the credibility of the sole exculpatory witness (Barnette) and implying extrajudicial evidence proved her testimony false. Petitioner also alleged on appeal that the prosecutor had intimidated Barnette prior to trial, which denied him his right to a fair trial. After considering Petitioner's arguments and examining the exchange between the prosecutor and Barnette and the prosecutor's closing arguments, the Fourth Circuit ruled that the prosecutor's statements

did not constitute prosecutorial misconduct and that Petitioner's constitutional rights had not been violated. Torres, 281 F. App'x at 248. More specifically, the Fourth Circuit held that the prosecutor's statements "properly 'stress[ed] to the jury the inconsistencies and improbabilities in [Barnette's] testimony" and that in any event the prosecutor's statements did not substantially prejudice Petitioner. Id. In addition, the Fourth Circuit found that the prosecutor did not imply to the jury that he was relying on extrajudicial evidence to inform Barnette during their meeting that he knew she was lying, nor did the prosecutor interfere with the witness. Id.

Petitioner's claim fails for four reasons. First, in order to pass the first prong of Strickland, Petitioner must show that his counsel failed to meet an objective standard of reasonableness by failing to object to the allegedly offending questions and argument. His counsel, however, did challenge the prosecutor's cross-examination of Barnette and the prosecutor's closing argument, both during the trial and in a Motion for a New Trial and supporting memorandum. [1:06cr255: Doc. 24, 25]. Accordingly, Petitioner has failed to demonstrate that his counsel's performance was deficient.

Second, the trial court specifically instructed the jury that the

prosecutor's questions are not evidence. [Transcript, Doc. 47 at 29]. It must be presumed that the jury followed the instructions given, and thus the second prong of Strickland is not met.

Third, the Fourth Circuit's ruling on this issue precludes this Court's review of Petitioner's present claim. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action). While Petitioner raises his present claim under the rubric of ineffective assistance of counsel, because he challenged precisely the same underlying conduct on appeal and the challenge was rejected, Petitioner, at a minimum, cannot establish that he was prejudiced.

Lastly, even if not precluded by the Fourth Circuit's ruling, this Court concludes, after reviewing the transcript at length, that no Confrontation Clause violation occurred and for that reason as well Petitioner cannot establish the requisite prejudice. See Malone v. Sherman, No. 05-10151, 2008 WL 2949227, at *14 (E.D. Mich. July 29, 2008) ("Questions posed by an attorney to a witness does not make the attorney a witness against the accused."); see also Jordan v. Hurley, 397 F.3d 360, 363 (6th Cir. 2005) ("leading questions on direct examination are permissible in questioning

certain witnesses" such as "an unusually soft-spoken and frightened witness").

### 2. Failure to Object to Illegal Search of Petitioner's Car

Petitioner also alleges that his counsel was ineffective for failing to object to the illegal search of his car.[1]  Petitioner asserts that it is unlawful to conduct a warrantless search of an arrestee's car after the arrestee has been handcuffed or otherwise prevented from regaining access to the car. Petitioner asserts that because he was arrested, handcuffed and secured in the police car prior to the warrantless search of his car, his counsel was ineffective for failing to challenge the search.  In support of his argument, Petitioner cites to the Supreme Court's decision in Arizona v. Gant, – U.S. –, 129 S. Ct. 1710, 173 L.Ed.2d 485 (2009).

Gant, however, was decided on April 21, 2009 – six months after Petitioner's appeal was concluded.  Petitioner tries to overcome this obstacle by asserting that the foundation for the ruling in Gant was laid out prior to Petitioner's arrest in the Supreme Court's decision in Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004).  To support his contention, Petitioner refers to the five justices who, in

---

[1] Petitioner's counsel did file a Motion to Suppress on a different basis that was denied.  [1:06cr255: Doc. 13].

concurring and dissenting opinions, expressed their dissatisfaction with the lower courts' expansion of the search incident to arrest doctrine. It is well-settled that counsel is not ineffective for failing to anticipate a change in the law. See Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir.1995) ("an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law"); Randolph v. Delo, 952 F.2d 243, 246 (8th Cir.1991) (ruling that trial counsel was not ineffective for failing to raise Batson challenge two days before Batson was decided); Johnson v. Armontrout, 923 F.2d 107, 108 (8th Cir. 1991) ("counsel's failure to anticipate a change in existing law is not ineffective assistance of counsel"); see also Engle v. Isaac, 456 U.S. 107, 134, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) ("[T]he Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim.") Because Petitioner has not established deficient performance, this claim must fail.[2]

---

[2] Perhaps anticipating this conclusion, Petitioner argues in the alternative that Gant was a new rule of law which should now be applicable to his case. The Supreme Court, however, has not made its holding in Gant retroactive to cases on collateral review. See Tyler v. Cain, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) ( "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive.")

### 3. Failure to Object to Sentencing Judge's Upward Departure

Petitioner also alleges that his counsel was ineffective for failing to object to this Court's erroneous upward departure based upon Petitioner's arrest record. Petitioner asserts that "[t]he appropriate considerations for determining whether the guidelines reflect the seriousness of the offense are the characteristics of the conduct relative to the charge, not criminal history." [Doc. 1-1 at 10].

The record reflects that counsel *did* object to the Court's ruling that an upward departure was warranted based upon Petitioner's extensive criminal history. [Crim. Case No. 1:06cr255: Doc. 49 at 7, 8]. Moreover, the record also reflects that this Court concluded that an upward departure was warranted based, in large part, on Petitioner's past criminal convictions. While this Court made a general reference to Petitioner's numerous arrests, this Court focused on Petitioner's voluminous number of prior convictions.[3] [Crim. Case No. 1:06cr255: Doc. 49 at 5-7; PSR ¶¶ 26-

---

[3] Petitioner argued on appeal that this Court erroneously based its decision to depart upwardly on Petitioner's prior arrest record. The Fourth Circuit concluded that this Court improperly considered Petitioner's prior arrest record but held that such error was harmless "because the district court relied primarily on [Petitioner's] extensive criminal history, including probation violations, revocations, and history of assaulting law enforcement officers, in deciding to depart, and thus the record supports the upward departure without consideration of [Petitioner's] prior arrests." Torres, 281 F. App'x at 249.

42]. Consequently, even if Petitioner's counsel had objected to the upward departure specifically on the basis that this Court could not rely upon Petitioner's prior arrests, this Court would have still concluded that an upward departure was warranted solely based upon Petitioner's extensive criminal history. See, U.S.S.G. §4A1.3. As such, Petitioner cannot establish the requisite prejudice for this ineffective assistance of counsel claim.

**4. Failure of Appellate Counsel to Raise Issues on Appeal**

Petitioner also alleges that his counsel was ineffective for failing to raise the above-discussed issues on direct appeal. [Doc. 1-1 at 4].

Ineffective assistance of counsel claims are generally not properly raised on direct appeal. Petitioner has not even argued why these particular ineffective assistance of counsel claims could have been properly raised on direct appeal. As such, Petitioner cannot establish deficient performance or prejudice.

To the extent Petitioner is arguing that his appellate counsel was ineffective for failing to raise the stand-alone claims on direct appeal, such claims also fail. As noted previously in this Order, Petitioner's appellate counsel did raise on appeal two of the stand-alone issues now raised by

Petitioner in the present Motion to Vacate. That is, on appeal Petitioner's counsel raised the issue of improper prosecutorial statements or questions and the issue of the erroneous upward departure. Consequently, Petitioner's ineffective assistance of appellate counsel claims on these bases fail to establish deficient conduct or prejudice.

Petitioner also alleges ineffective assistance of appellate counsel for failure to argue on appeal that the search of his car was illegal. Again, Gant was not decided until after Petitioner's appeal was concluded. As his appellate counsel was not constitutionally required to anticipate a change in the law, see supra, Petitioner fails to establish that his counsel's performance was deficient or that he was prejudiced.

**B. PROSECUTORIAL MISCONDUCT**

Petitioner also argues a free-standing claim that his Confrontation Clause rights were violated when the prosecutor allegedly "testified" through his cross-examination of Barnette and during closing arguments.

As discussed previously in this Order, Petitioner raised the essence of this claim on direct appeal.[4] As such, the appellate court's dismissal of

---

[4] If Petitioner had not raised this issue on appeal he would have defaulted this claim. That is, claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (citations and internal quotation marks

this claim, after a thorough examination of the prosecutor's questions and statements, bars this Court's consideration of the claim.  See Boeckenhaupt, 537 F.2d at 1183 (issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action).  The Fourth Circuit specifically held that the prosecutor's statements did not constitute prosecutorial misconduct and that Petitioner's constitutional rights had not been violated.  See Torres, 281 F. App'x at 248.  In so ruling, the Fourth Circuit found that the prosecutor's statements "properly 'stress[ed] to the jury the inconsistencies and improbabilities in [Barnette's] testimony" and that in any event the prosecutor's statements did not substantially prejudice Petitioner.  Id.  In addition, the Fourth Circuit found that the prosecutor did not imply to the jury that he was relying on extrajudicial evidence to inform Barnette during their meeting that he knew she was lying.  Id.

**C.     ERRONEOUS UPWARD DEPARTURE**

Petitioner also argues a free-standing claim that the "sentencing judge upwardly departed from the recommended sentencing range based upon an erroneous consideration of the 18 U.S.C. § 3553(a) factors."  [Doc. 1-1 at 4].  More specifically, Petitioner alleges that a sentencing court may

omitted).

not consider criminal history when determining whether the Guidelines reflect the seriousness of the offense. Rather, according to Petitioner, a sentencing court may only consider characteristics of the conduct relevant to the charge, not the criminal history. [Doc. 1-1 at 10].

First, Petitioner is mistaken in his general assertion that a sentencing court may not depart upwardly based upon a defendant's prior criminal history. See e.g., U.S.S.G. § 4A1.3(a). Second, Petitioner is procedurally barred from arguing that this Court could not consider his prior criminal history as he raised this issue on direct appeal. In rejecting this claim, the Fourth Circuit held that while Petitioner's prior arrests should not have been considered by the Court, Petitioner's record, without consideration of the prior arrests, supported the upward departure. The Fourth Circuit's ruling precludes this Court's review of Petitioner's present claim. See Boeckenhaupt, 537 F.2d at 1183.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED and DISMISSED**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to

issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

**IT IS SO ORDERED.**

Signed: June 5, 2010

Martin Reidinger
United States District Judge